UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

D-1   STEPHEN SHIPPS,

        Defendant.
_____/

No. 20-20517

Hon. Denise Page Hood

UNDER SEAL

## ORDER BASED ON STIPULATION

This Court, having reviewed the stipulation below, being advised in the matter, and for the reasons stated by the parties,

IT IS HEREBY ORDERED that the pretrial disclosure of discovery and related materials, as defined in the stipulation below, is controlled by the provisions of the stipulation and agreement.

IT IS SO ORDERED.

                                          **s/Denise Page Hood**
                                            Denise Page Hood
                                United States District Judge

DATED: December 3, 2020

## STIPULATION BY PARTIES

The parties, by and through their respective attorneys, request that the Court enter a stipulated protective order under seal. This protective order applies to "discovery and related materials," which the government defines as all materials provided to the defense, or made available for review by the defense, pursuant to the government's obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500. The protective order also authorizes the limited disclosure of sealed search warrant applications, search warrants, supporting affidavits and other court orders to Defendant.

1. IT IS HEREBY STIPULATED that the sealed applications, warrants, and supporting affidavits may be disclosed to the Defendant.

2. IT IS FURTHER STIPULATED that the sealed applications, warrants, and supporting affidavits otherwise remain under seal and that defense counsel and Defendant not disclose, make copies of or reveal the contents of such documents to any other person, except as provided under the conditions below.

3. IT IS FURTHER STIPULATED that defense counsel and Defendant are limited from disclosing discovery and related materials, including but not limited to materials disclosed pursuant to the government's obligations under Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and the Jencks Act, 18 U.S.C. § 3500, under the following conditions:

    a) Upon receiving discovery and related materials from the government, defense counsel and Defendant shall treat such materials, including copies of such materials, as confidential;

    b) Defendant may review such materials at any time in the presence of his defense counsel, defense counsel's legal assistants or other employees assisting in defense preparation.

    c) Defense counsel may disclose, make copies of, or reveal the contents of such materials to Defendant, who is bound by this Stipulation to the same extent as Defense counsel, and defense counsel may disclose, make copies of, or reveal the contents of such materials to defense counsel's legal assistants and other employees assisting in defense

preparation and to defense experts and/or consultants ("other persons"), provided that

1. the other persons have entered into a contract with defense counsel to work on the federal criminal charges pending against Defendant; and
2. defense counsel instructs the other persons that further disclosure is prohibited and provides them with a copy of this Protective Order; and
3. the other persons agree to be bound by the terms of this Protective Order.

d) Defense counsel and Defendant shall not disclose, make copies of, or reveal the contents of such materials to any other persons, including members of the press, without prior written consent of the government or further order of the Court;

e) At the conclusion of these proceedings, the Court will rule on the appropriate method for handling and/or disposing of all discovery and related materials.

4.  IT IS FURTHER STIPULATED that if Defendant produces discovery materials to the government, the government will also be bound by the terms of this Protective Order for discovery and related materials provided by Defendant.

5.  IT IS FURTHER STIPULATED that any discovery material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6.  IT IS FURTHER STIPULATED that any violation of any term or condition of this Protective Order by the Defendant, the Defendant's attorneys of record, any member of the defense teams, or any attorney or representative for the government, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

7.  IT IS FURTHER STIPULATED that this stipulation and order be sealed until further order of this Court, except that copies of the motion

and order be served on defense counsel and Defendant as necessary to effectuate the order.

| | |
|---|---|
| *s/Sara D. Woodward* | *s/John A. Shea* |
| Sara D. Woodward | John A. Shea (P37634) |
| Assistant United States Attorney | Attorney for Stephen Shipps |
| 211 W. Fort Street, Suite 2001 | 120 N. 4th Avenue |
| Detroit, Michigan 48226 | Ann Arbor, MI 48104 |
| Phone: 313-226-9180 | Phone: (734) 995-4646 |
| sara.woodward@usdoj.gov | jashea@earthlink.net |