UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN SHIPPS,

    Defendant.
    _____/

Case No. 20-20517

Hon. Denise Page Hood

**STIPULATION SEEKING CONTINUANCE AND FINDING OF EXCLUDABLE DELAY**

Through their respective counsel, the parties stipulate and agree to the adjournment of the following dates:

- Motion cut-off date from May 14, 2021 to August 6, 2021;
- Pre-trial conference from May 17, 2021 to August 30, 2021 at 11:00 a.m.;
- Trial date from June 16, 2021 to September 21, 2021.

The parties stipulate and jointly move for the Court to find that the time period between June 16, 2021 and September 21, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the ends of justice served by the granting of the this

continuance outweigh the best interests of the public and the defendant in a speedy trial.

The parties' reasons for the continuance and for a finding of excludable delay are as follows:

- The defense needs additional time to review discovery and consult with experts. Discovery provided to-date comprises approximately 1.7 GB of data, and it will take defense counsel considerable time to review it and then to go over relevant aspects of it with Defendant. As explained below, the current COVID-19 pandemic makes it considerably more difficult at best, and impossible at worst, for defendants and their counsel to meet and have substantive discussions about discovery, and its implications for the case in terms of pretrial motions, plea negotiations, and trial.
- Once the defense has reviewed the discovery, the parties will need additional time to determine whether a negotiated resolution is possible.

- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption. On March 10, 2020, Governor Gretchen Whitmer announced a state of emergency following two confirmed cases of COVID-19 in Michigan. Subsequently, Governor Whitmer issued a series of additional executive orders continuing the state of emergency. Most recently, on November 15, 2020, the Michigan Department of Health and Human Services issued its own "Emergency Order Under MCL 333.2253," imposing similar closures of certain establishments and other strict social distancing regulations, as well as rules regarding masking. That Emergency Order was extended from December 8 to December 20, 2020, and, while recently the state's directives have eased, Michigan and the country are struggling with vaccinating the population to stop the virus' spread. These various orders have

issued because COVID-19 is an uncommonly injurious virus which, to date, has infected over 32 million people across all fifty states, the District of Columbia, and Puerto Rico, resulting in over 584,000 fatalities. The Governor's executive orders and the recent MDHHS Emergency Orders require all individuals to "follow social distancing measures recommended by the Centers for Disease Control and Prevention" and "[w]ear a face covering over his or her nose and mouth . . . when in any enclosed public space."

- In order to slow the spread of the outbreak and lessen the load placed on our healthcare systems, various restrictions have been imposed on travel, access to public facilities, and government functions. As part of these efforts, on March 13, 2020, this court postponed indefinitely most in-court proceedings, including trials, before district judges and magistrate judges in the Eastern District of Michigan in all criminal (and civil) cases and matters. *See* Administrative Order 20-AO-021. This Order also reflected the fact that the court cannot properly secure the presence of

sufficient jurors and grand jurors in the courthouse without jeopardizing the health and safety of the prospective jurors, as well as the health and safety of court personnel. This Order further reflected the reality that the court staff, the Court Security Officers, and the Marshals Service could not operate or provide access to in-court proceedings without jeopardizing their health and safety.

- On July 2, 2020, this court superseded Administrative Order 20-AO-021 with Administrative Order 20-AO-38, which notes that "[j]ury trials during the pandemic present unique challenges." The continuing need for the social distancing mandated by Governor Whitmer's executive orders makes impracticable if not impossible activities necessary for the conduct of trials, such as the gathering of large jury venire pools, the voir dire process, and the seating of jurors in a jury box. Administrative Order 20-AO-38 also recognizes that "[c]onventional courtroom layouts do not allow jury trial participants to adhere to the necessary precautions to

reduce the possibility of exposure to the disease." Likewise, social distancing and the wearing of facemasks impose significant barriers to effective communication both before and during trials between defendants and defense counsel, among members of the prosecution team, and between attorneys and witnesses.

- Administrative Order 20-AO-38 also states:

    Jury trials will not resume until the following can be accomplished:
    - screening can be commenced on potential jurors to minimize the chance of an infected individual entering the courthouse;
    - courtrooms and jury gathering spaces can be modified to comply with physical distancing and safety requirements; [and]
    - prospective jurors and sworn jurors can be provided with personal protective equipment (e.g., face masks, gloves, possibly face shields) where necessary.

- To date, these conditions have not been achieved, and it is unclear at this time when they will be. Thus, as of now, no criminal trials are scheduled to take place in the Eastern District of Michigan.

- On July 21, 2020, this court issued Administrative Order 20-AO-39, which explicitly found, after considering current conditions in the state of Michigan, that "proceeding with a jury trial at this time would be impossible, or result in a miscarriage of justice." Having made further generally applicable findings relating to the ability of counsel to prepare and the court's ability to safely convene juries and bring counsel and court staff into courtrooms, the court concluded this AO by excluding delay under 18 U.S.C. § 3161(h)(7)(A) from July 2, 2020, until further order of the court.
- As a result, the failure to grant a continuance could lead to the dismissal of charges and thereby make a continuation of the proceeding impossible and result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
- Although the court has issued a blanket determination of excludable delay for Speedy Trial purposes in 20-AO-39, the parties submit these additional case-specific reasons to supplement the reasons relied upon by the court in issuing that

order, and request this Court to make case-specific findings supporting a determination of excludable delay.

- In addition, the substantial impediment to effective trial preparation caused by the pandemic supports an ends-of-justice continuance of the trial in this case. These case-specific reasons include the inability of counsel for the defendant and for the government to adequately prepare for trial. Due to the severe restrictions imposed on movement, meetings, and travel recommended by public health officials and required under Executive Orders, neither defense counsel nor counsel for the government are able to effectively review the discovery materials and prepare for trial. Counsel for Defendant have limited ability to access materials, meet with Defendant, visit and interview witnesses (including, if appropriate, expert witnesses), meet with government counsel, and review discovery materials in the custody of the government. Counsel for the government are similarly limited in their ability to meet with agents and

witnesses, as well as to access material stored at government facilities. Further, counsel, U.S. Attorney's Office personnel, and victim-witness specialists have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with colleagues, witnesses, and others.

- This extra time will allow the defendant, in reviewing the discovery, to determine whether any pretrial motions are necessary and decide whether to proceed to trial or resolve the case through a plea agreement. In addition, the additional time will also allow the parties to attempt to resolve this matter short of trial and, in the event that a pretrial resolution of the case cannot be reached, it will provide the parties sufficient time to prepare for trial.
- As a result, failure to grant this continuance would unreasonably deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).

- In addition, the Speedy Trial Act specifically (and automatically) excludes delay resulting from the unavailability of the defendant or an essential witness. See 18 U.S.C. §§ 3161(h)(3)(A) (rendering excludable "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness") & 3161(h)(4) (excluding "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial"). In light of the restrictions on travel, movement, and public appearances, these provisions further support the exclusion of this time.

The parties therefore request that the Court find that the ends of justice served by the granting of this continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO STIPULATED.**

*s/Sara Woodward*
Assistant United States Attorney

211 W. Fort Street
Suite 2001
Detroit, MI 48226
313-226-9180
sara.woodward@usdoj.gov

Dated: May 14, 2021

*s/John Shea (with consent)*
John A. Shea (P37634)
Attorney for Stephen Shipps
120 N. 4th Avenue
Ann Arbor, MI 48104
Phone: (734) 995-4646
jashea@earthlink.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

STEPHEN SHIPPS,

    Defendant.
_____/

Case No. 20-20517

Hon. Denise Page Hood

**ORDER FINDING EXCLUDABLE DELAY**

The Court has considered the parties' stipulation and joint motion to continue and for a finding that the time period from June 16, 2021 to September 21, 2021 qualifies as excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7). For the reasons described in the parties' submission, and after considering the factors listed in § 3161(h)(7)(B), the Court finds that the ends of justice served by granting the parties' requested continuance outweigh the best interests of the public and the defendant in a speedy trial and that this time

period qualifies as excludable delay under § 3161(h)(7). Specifically, the Court finds that:

- The defense needs additional time to review discovery, meet and consult with Defendant, and consult with experts.
- The parties need additional time to determine whether a negotiated resolution is possible.
- The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries that has resulted in widespread societal disruption.
- The Court is operating under an emergency administrative order, limiting the availability of the Court to conduct hearings and trials.
- As a result, failure to grant a continuance could make a continuation of the proceeding impossible or result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

- The Court also finds that the ability of counsel for the defendant and for the government to prepare for trial is severely impaired by the health and travel restrictions imposed in light of the coronavirus outbreak in Michigan and elsewhere, and that a failure to grant this continuance would deny counsel for the defendant and the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, see 18 U.S.C. § 3161(h)(7)(B)(iv), and/or would fail to recognize that it would be unreasonable to expect adequate preparation for the trial before the expiration of the STA's 70-day clock, *see* 18 U.S.C. § 3161(h)(7)(B)(ii).
- The parties require additional time to review the discovery, decide whether pretrial motions are appropriate, and either negotiate a plea resolution or prepare for trial.
- Failure to grant the continuance would unreasonably deny the defendant or the government the reasonable time necessary for

effective preparation, taking into account the exercise of due diligence.

**IT IS THEREFORE ORDERED** that the time from June 16, 2021 to September 21, 2021 shall constitute excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), because the Court finds that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial.

**IT IS SO ORDERED.**

                                         **s/Denise Page Hood**
                                         **United States District Judge**

Date Entered: May 17, 2021